OPINION
{¶ 1} Defendant-appellant, Christie Kerner (hereinafter "Kerner"), appeals the sentence imposed by the Auglaize County Court of Common Pleas. In light of the Ohio Supreme Court's opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, we vacate the sentence and remand for resentencing.
 {¶ 2} Kerner was indicted for two counts of forgery, violations of R.C. 2913.31(A)(3), and felonies of the fifth degree. Kerner pled guilty to one count of forgery and the second count of forgery was dismissed. On November 22, 2005, the trial court sentenced her to twelve months imprisonment with the sentence to run consecutively to sentences in Putnam and Allen County.
 {¶ 3} It is from this sentence that Kerner appeals and sets forth two assignments of error for our review. For clarity of analysis, we have combined Kerner's assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TOPROPERLY FOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISEDCODE, SECTION 2929.14 RESULTING IN THE DEFENDANT-APPELLANTRECEIVING A SENTENCE WHICH IS CONTRARY TO LAW.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT'S ORDERING THAT THE SENTENCES OFDEFENDANT-APPELLANT ARE TO BE SERVED CONSECUTIVELY TO EACH OTHERWAS UNSUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW.
 {¶ 4} In her first assignment of error, Kerner argues that her maximum sentence is not supported by the record. Kerner, in her second assignment of error, argues that the trial court's imposition of consecutive sentences is not supported by the record and is contrary to law.
 {¶ 5} In Foster, the Ohio Supreme Court held portions of Ohio's sentencing framework unconstitutional. 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Specifically, the Ohio Supreme Court held R.C. 2929.14(C) and 2929.14(E)(4) unconstitutional. Id. at paragraphs one and three of the syllabus. Since Kerner was sentenced to maximum and consecutive sentences under statutes found unconstitutional by the Ohio Supreme Court, we must vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster. See Id. at ¶¶ 103-104.
Sentence Vacated and Cause Remanded.
 Bryant, P.J., and Rogers, J., concur.